IMG-122                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1794
_____

KOK WEI CHEAH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-447-363)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2010
Before:  MCKEE, Chief Judge, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: June 9, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Kok Wei Cheah is a native and citizen of Malaysia who petitions for

review of the Board of Immigration Appeals's ("BIA") final order of removal.  For the

following reasons, we will deny Cheah's petition for review.

I.

Cheah entered the United States on a six-month visitor's visa in August 2003. In April 2005, the Department of Homeland Security issued a Notice to Appear that charged Cheah with removability because he did not leave the United States at the conclusion of his authorized stay. See 8 U.S.C. § 1227(a)(1)(B). Cheah conceded removability but in January 2006 he filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT") based on his claim that he was persecuted in Malaysia due to his Chinese ethnicity.

At his removal proceeding, Cheah testified to the long-standing and systemic discrimination against ethnic-Chinese in Malaysia. As to his personal experiences, Cheah asserted that his house was broken into and robbed multiple times. He also claimed that, after he and a friend were robbed at knife-point, the police advised him to "let it go" because he had not suffered any physical harm. Further, Cheah's statement in support of his asylum application asserted that he was not allowed to attend college or obtain a stock broker's license due to his Chinese ethnicity. He attended college in Singapore and found employment in Malaysia as an "assistant to a stock broker." Cheah testified that he did not want to return to Malaysia because he was "afraid of being harmed" by ethnic-Malays.

The IJ denied all relief. He dismissed Cheah's asylum claim as untimely, as it was not filed within one year of his entry into the United States. The IJ then concluded that

2

Cheah had not met his burden of proof to show that he merited withholding of removal or CAT protection. The IJ acknowledged that the 2005 United States Department of State Country Report for Malaysia indicated that ethnic-Malays "are given certain types of benefits and so-called 'special position' when it comes to certain types of government benefits. . . and [] that discrimination does exist . . . against people who are not ethnic Malays." He nevertheless determined that Cheah had not established past persecution or demonstrated that he "has any reasonable fear of harm either at the hands of the government or at the hands of his fellow citizens if he should return to Malaysia."

The BIA agreed that Cheah's asylum claim was untimely, and determined that Cheah did not demonstrate any extraordinary circumstance warranting an exception to the filing deadline. The BIA then concluded that the IJ "properly determined that the incidents of theft, assault, and discrimination the respondent recounted do not rise to the level of persecution," and that the testimony and evidence did not establish that it was "more likely than not he will be subjected to harm rising to the level of persecution." The BIA further agreed that Cheah did not meet the standard for CAT protection.

Through counsel, Cheah now petitions for review of the BIA's final order of removal.

II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). The BIA's decision is reviewed under the substantial evidence standard and will

3

be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

Substantial evidence supports the BIA's decision that Cheah did not meet the standard for withholding of removal.[1] Withholding of removal is mandatory once "the Attorney General decides that the alien's life or freedom would be threatened in that country" on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). To obtain such relief, the applicant must establish a "clear probability"—i.e., that it is more likely than not—that he or she would suffer persecution upon return to his or her country. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008). "An applicant can meet the standard [for withholding of removal] by proving past persecution, which creates a rebuttable presumption of future persecution." Id. (citing 8 C.F.R. § 1208.16(b)(1)).

As the BIA determined, neither the generalized discrimination suffered by the ethnic-Chinese in Malaysia nor that suffered personally by Cheah rises to the level of past persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (reiterating that persecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'"

---

[1] Cheah does not challenge the dismissal of his asylum claim as untimely. Even if he did, we would lack jurisdiction to review that decision. See 8 U.S.C. § 1158(a)(3). We note, however, that the government incorrectly argues that Cheah has failed to argue that the BIA erred in denying his other claims of relief.

(internal citation omitted)).  While such discrimination may be reprehensible, it is not persecution.  See Chen v. Ashcroft, 381 F.3d 221, 233 n.20 (3d Cir. 2004) (stating that courts "routinely deny relief to those who suffer racial discrimination that falls short of 'persecution'").  To the extent that Cheah claims that the robberies constituted persecution, this argument also fails, as he set forth no evidence that these were anything more than isolated criminal acts.  See Lie, 396 F.3d at 536.  In sum, neither the documentary evidence nor Cheah's testimony established past persecution or a clear probability that he would be persecuted upon his return to Malaysia.  See Zubeda, 333 F.3d at 469-70.  Accordingly, he is not entitled to withholding of removal.

Finally, because Cheah offered no evidence that he is likely to be tortured upon his return to Malaysia, he also failed to establish eligibility for CAT protection.  See 8 C.F.R. § 208.16(c)(4).

For the foregoing reasons, we deny Cheah's petition for review.